IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHESTER L. WOULARD,** | **CIVIL NO. 1:CV-05-0254** |
| **Plaintiff,** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **MR. GLENN, Food Service Director at FCI-Allenwood; MR. HAMMOND, Medical Director at FCI-Allenwood; MR. ROCES, Physician Assistant at FCI-Allenwood; JOHN DOE, Chief Medical Director at FCI-Allenwood; MS. ESPINOZA-LEVI, Unit Manager 4B; OFFICER PARKER, Property Room Officer; and MR. McCLUSKY, Staff Attorney,** | |
| **Defendants.** | |

## **M E M O R A N D U M**

Before the court is Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 37). For the reasons that follow, the court will grant the Motion to Dismiss, without prejudice.

**I.**     **Background**

Plaintiff, Chester Woulard, filed a Complaint on March 18, 2005, seeking an injunction and other equitable relief and monetary damages against Defendants for alleged violations including the denial of medical care, the denial of access to the courts, the denial of a special diet, and cruel and unusual punishment.[1]

---

[1] On March 23, 2005, the court issued an order deeming Plaintiff's claims for an injunction and
(continued...)

Plaintiff alleged that the violations occurred at Allenwood Federal Correction Institution in White Deer, Pennsylvania, where Plaintiff was incarcerated at the time he filed the Complaint.

On April 12, 2005, Plaintiff entered a change of address to M.P.C.Y.F. Gander Hill Prison (also known as Howard R. Young Correctional Institution) in Wilmington, Delaware.  However, a court order, dated June 6, 2005, was returned from that facility, marked "Return to Sender – Inmate Unknown" and "Attempted Not Known."  In addition, the Records Supervisor of the Delaware Department of Correction, Probation, and Parole replied to Defendants' request for information concerning Plaintiff and indicated that Plaintiff was released from Gander Hill Prison on May 28, 2004. (*See* Doc. 35.)

Defendants' filed a Motion to Dismiss or, in the alternative, for Summary Judgment and Brief in Support on August 8 and August 22, 2005, respectively.  Defendants certified that they were unable to serve Plaintiff with copies because of Plaintiff's failure to provide the court with his current address.  Plaintiff's opposition brief was due on September 9th.

**II.        Legal Standard**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  "The complaint will be

---

[1](...continued)
equitable relief moot; however, the case proceeded on the damages claim.

deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999). In the case of a *pro se* plaintiff, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other

3

parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.     Discussion

Defendants move to dismiss Plaintiff's claims on the following grounds: 1) Plaintiff has failed to establish that he exhausted his administrative remedies; 2) Defendants have qualified immunity from Plaintiff's claims; and 3) Plaintiff has failed to present evidence of a constitutional violation. (Br. in Supp. of Defs.' Mot. to Dismiss 1.)  The court finds that Plaintiff fails to exhaust all of his available administrative remedies.[2]  Accordingly, the court will dismiss Plaintiff's claims without prejudice.

#### A.     Administrative Exhaustion

---

[2]  Because Plaintiff has not exhausted his administrative remedies, the court will not reach the merits of Defendants' qualified immunity and constitutional violation arguments. Additionally, the court notes that Plaintiff has failed to keep the court informed of his current address, in violation of Local Rule 83.18. Such a violation could subject the Plaintiff's Complaint to involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Because the court will dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies, the court declines to reach the merits of an involuntary dismissal as well.

The court must dismiss Plaintiff's claims because he has failed to exhaust all of his administrative remedies. The Prison Litigation Reform Act of 1996 provides that "[n]o action shall be brought under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000); *see also Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000) ("[N]o action shall be brought in federal court until such administrative remedies as are available have been exhausted.").

This statutory administrative exhaustion requirement "includes civil actions ranging from excessive force actions . . . to actions 'with respect to' a prison official's decision . . . to deny a prisoner food, heating, or medical attention." *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). Essentially, all prisoner actions except habeas petitions are subject to § 1997e(a)'s exhaustion requirements. *Id.*; *see also Porter v. Nussle*, 534 U.S. 516, 527-28, 532 (2002) (applying the same reasoning as *Booth* and holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

The Administrative Remedy Program is available to all inmates in institutions operated by the Bureau of Prisons for the purpose of allowing inmates "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10 (2005). To file a grievance under the Administrative Remedy Program an inmate must first submit a formal written Administrative Remedy Request (Form BP-9) to the designated institutional staff member. *Id.* § 542.14. If an inmate

is not satisfied with the response, he must appeal to the Regional Director (Form BP-10).[3]  *Id.* § 542.15.  The final administrative appeal is a Central Office Appeal (Form BP-11) to the General Counsel.  *Id.*

Plaintiff failed to exhaust administrative appeals for any of his claims. (Br. in Supp. of Defs.' Mot. to Dismiss, Ex. 1-Albert Decl. ¶ 7.[4])  Plaintiff filed six Administrative Remedy Requests, five of which were rejected.  (*Id.*)  Of these six requests, three occurred in 2001 and 2002 and thus are not related to Plaintiff's Complaint, which seeks remedy for alleged mistreatment after Plaintiff returned to Allenwood in January of 2005.  (*Id.* at Attach. #3.)  Plaintiff made the three remaining Administrative Remedy Requests in March 2005, and all three were rejected.[5]  (*Id.*)

There is no record showing that Plaintiff appealed any of those three decisions.  Plaintiff indicated on his Civil Complaint Form that he had fully exhausted available administrative remedies, but stated that he had "filed BP-8 and BP-10" forms only and had not yet received a reply.[6]  Likewise, Plaintiff has failed to file a

---

[3]  If an inmate believes that his "safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director."  *Id.* § 542.14.

[4]  The Declaration of Susan Albert, Exhibit 1 to the Brief in Support of Defendants' Motion to Dismiss, indicates that a record of Plaintiff's Administrative Remedy Requests appears at Attachment 1; however, the record seems to have been included as Attachment 3.

[5]  These three requests correspond to the claims in Plaintiff's Complaint.  The first request, filed on March 7, lists "Staff Complaint/Personal Property/Medical Treatment" in the Abstract section of the Administrative Remedy record.  (Albert Decl. Attach. #3).  This request corresponds to Plaintiff's claim of improper medical treatment and improper diet.  The second request, filed on March 15, states as its Abstract "requesting postage because he is indigent."  (*Id.*)  The third request, also filed March 15, states "legal documents missing."  (*Id.*)  While these requests do not correspond to claims made in Plaintiff's Complaint, Plaintiff does mention them in a letter that accompanies the Complaint.  The March 7 request was denied on March 10, 2005, and the March 15 requests were denied that same day.  (*Id.*)

[6]  It is likely that no reply was received because Plaintiff completed the Complaint on March 5, 2005 (Compl. at 11) and his first Administrative Remedy Request, received by the prison on March 7, was not rejected until March 10 (Albert Decl. Attach. #3).  In any event, there is no evidence that Plaintiff proceeded to
(continued...)

response to Defendants' motion and exhibits or otherwise provide the court with any further evidence regarding his pursuit of those remedies.  There is no evidence that Plaintiff filed a Central Office Appeal with the General Counsel.  Thus, Plaintiff has failed to exhaust his administrative remedies and the court must dismiss his Complaint.

Finally, because Plaintiff has failed to exhaust his administrative remedies, it would be futile for the court to grant Plaintiff leave to amend his Complaint.

### IV.      Conclusion

Because Plaintiff has failed to exhaust all of his administrative remedies, the court will grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint, without prejudice.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: October 21, 2005.

---

[6](...continued)
the final administrative appeal level by submitting a BP-11 form to the Central Office.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHESTER L. WOULARD,** : | **CIVIL NO. 1:CV-05-0254** |
| **Plaintiff,** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **MR. GLENN, Food Service Director at FCI-Allenwood; MR. HAMMOND, Medical Director at FCI-Allenwood; MR. ROCES, Physician Assistant at FCI-Allenwood; JOHN DOE, Chief Medical Director at FCI-Allenwood; MS. ESPINOZA-LEVI, Unit Manager 4B; OFFICER PARKER, Property Room Officer; and MR. McCLUSKY, Staff Attorney,** : : : : : : : : : | |
| **Defendants.** : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 36) is construed as a Motion to Dismiss and is **GRANTED**.

The Clerk of Court is directed to dismiss Plaintiff's Complaint, without prejudice.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge

Dated: October 21, 2005.